UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER SCHAUB, an individual; and CLOUDY SKIES PROPERTIES, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.; and NORTHWEST TRUSTEE SERVICES, INC.,<br><br>Defendants. | Case No. C17-0726 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DECLINING TO RULE ON DEFENDANT'S MOTION TO DISMISS |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Peter Schaub's Motion to Remand (Dkt. #12) and Defendants Bayview Loan Servicing LLC's ("Bayview") and Northwest Trustee Services, Inc.'s ("NWTS") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #11). Both motions are opposed, and involve the question of whether Plaintiffs' claims raise a federal question. *Id.* For the reasons discussed herein, the Court finds that Plaintiffs' Complaint does not yet raise a federal question, and therefore GRANTS Plaintiff Schaub's Motion to Remand and declines to review Defendants' Motion to Dismiss.

## II.   BACKGROUND

This matter stems from the foreclosure sale of Plaintiffs' property. According to the Complaint, the subject property was first sold on or about May 22, 2015. Dkt. #1-2 at ¶ 3.18.

ORDER - 1

Plaintiff Schaub attempted to have the sale rescinded based on various alleged deficiencies under federal law. *Id.* at ¶ 3.19. The sale was not rescinded, and, on or about January 6, 2016, the property was resold. *Id.* at ¶ 3.20.

Plaintiffs then filed an action in King County Superior Court to challenge the sale against the same Defendants named in the instant action. *See* Case No. C16-0801JLR, Dkt. #1, Ex. 1. Defendants Bayview and NWTS removed the matter to this Court and filed a motion to dismiss. *Id.* at Dkt. #5. Plaintiff Schaub's counsel then moved to withdraw from the action, and his newly-appearing counsel dismissed the action voluntarily. *Id.* at Dkts. #11 and #15.

Approximately one year later, Plaintiffs served Defendant NWTS with the instant action, which would have been filed in King County Superior Court. Dkt. #1. However, Defendants removed the action to this Court. *Id.* On May 31, 2017, Defendants then filed the instant Motion to Dismiss. Dkt. #11. On June 1, 2017, Plaintiff Schaub filed a Motion to Remand. Dkt. #12.

Plaintiff Schaub asks the Court to address whether Plaintiffs have raised a federal question in their Complaint, such that it would confer jurisdiction in this Court. Dkt. #12. Defendants Bayview and NWTS move to dismiss the Complaint, arguing that the federal claim raised by Plaintiffs is barred as a matter of law. Dkt. #11.

### III.  DISCUSSION

**A.  Plaintiff's Motion to Remand**

The Court first addresses Plaintiff Schaub's Motion to Remand. For the reasons discussed below, the Court grants the motion.

*1.  Legal Standard*

When a case is filed in state court, removal is proper if the Complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in

controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  It is presumed, however, "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alterations in original).  This Court must order remand if there is any defect which causes federal jurisdiction to fail.  28 U.S.C. § 1447(c).  The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence.  *Id.* at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).   However, this Court lacks discretion to remand a case to the state court if the case was properly removed.  *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other grounds*, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 n.6 (9th Cir. 2001).

   *2. Plaintiffs' Complaint*

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  When a complaint pleads only state causes of action, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim

is 'really' one of federal law." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1383 (9th Cir. 1988) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 13, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

Here, Defendants argue that a federal question appears on the face of the Complaint, specifically pointing to Plaintiffs' allegations that Defendants have violated 12 C.F.R. §1024.41. Plaintiff Schaub responds that his Complaint actually alleges state law claims which reference federal claims, and therefore no federal question is alleged.

In this case, the Court agrees with Plaintiff that there is no federal question identified in the Complaint that would confer subject matter jurisdiction in this Court. Plaintiffs state their first cause of action as: "Cause of Action for Violations of Washington State Mortgage Laws". Although not the most artfully drafted, this claim alleges a violation of Washington Deed of Trust Act ("DTA"), RCW 61.24, *et seq*. Dkt. #1-2 at ¶¶ 4.5. Plaintiff then specifically points to violations of 12 CFR § 1024.41, Washington's Consumer Loan Act ("CLA") (RCW 31.04.027) and WAC 208-620-900(6)(b) as the bases for the violation of RCW 61.24, *et seq. Id.* This is made clearer in reviewing Plaintiffs' "Cause of Action for Violations of Consumer Loan Act and Consumer Protection Act." Dkt. #1-2 at ¶¶ 5.1-5.10. In that cause of action Plaintiffs set forth more specifically the alleged actions leading to a violation of the CLA and DTA, and clarifies that they are focusing only on state law causes of action.

It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)). A substantial federal question does not exist simply because a complaint makes passing reference to a federal statute. *Id.* at

1040-41; *see also Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (explaining that references to Title VII are insufficient to establish federal jurisdiction in a wrongful termination action). Instead, the federal question must be "a *necessary* element of the well-pleaded state claim" or the plaintiff's right to relief must rely on the resolution of a substantial, disputed question of federal law. *Lippitt,* 340 F.3d at 1042.

At this time, having reviewed Plaintiffs' Complaint and the briefing submitted by the parties, the Court agrees with Plaintiff Schaub that Plaintiffs' claims have an independent basis in state law and can be resolved without any reference to federal statutes. See Dkt. #12 at 3-6. This is fatal to the existence of federal jurisdiction, since "[t]he invocation of federal law as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Rains,* 80 F.3d at 345. Accordingly the Court will grant Plaintiff's motion to remand.

## B. Reservation of Federal Claims

Defendants also take issue with Plaintiffs' reservation of federal claims. See Dkt. #1-2 at ¶ 8.1. Without citing any legal authority, Defendants argue that Plaintiffs cannot reserve federal claims to defeat jurisdiction in this Court, and that they must disclaim them. Dkts. #14 at 7 and #18 at 4. This assertion appears to be based on the erroneous premise that if this matter is remanded for lack of jurisdiction, Defendants will be "stuck" in Superior Court even if Plaintiffs raise their federal claims later in the proceedings. *See* Dkt. #18 at 4. This is not correct. Section 1446(b) identifies two thirty-day periods for removing a case. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The first thirty-day removal period is triggered "if the case stated by the initial pleading is removable on its face." *Id.* The second thirty-day

removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. *Id.* (quoting 28 U.S.C. § 1446(b)). The Court having found that this case is not removable on its face, Defendants would be free to remove the matter again if Plaintiffs raise federal claims later in the state court proceedings. Thus, the Court is not persuaded that Plaintiffs' reservation of federal claims requires the Court to either find jurisdiction at this stage of the litigation or require Plaintiffs to disclaim their federal causes of action.

### C. Plaintiff's Request for Attorney's Fees

Plaintiff Schaub requests attorney's fees for the time his counsel spent briefing and arguing the motion for remand. Dkt. #12 at 5-6. In an Order remanding a case, this Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547, 555 (2005). In exercising its discretion to award fees under section 1447(c), this Court must consider "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *See id.*

In view of the considerations highlighted in *Martin,* the Court finds that an award of fees against Defendants for Plaintiff's expenses in moving to remand this action is not a necessary or just result under section 1447(c). Defendants' removal was based on the premise that Plaintiffs

had raised a federal question in their Complaint.  While the Court does not reach the same conclusion, the Court believes that Defendants' position was objectively reasonable, particularly given Plaintiffs' inartful pleading (as noted above).  Therefore the Court denies Plaintiffs' request for fees.

### D. Defendants' Motion to Dismiss

Because the Court has determined that it does not have federal question jurisdiction over Plaintiffs' claims, it also declines to consider Defendants' pending motion to dismiss.  The Court believes that the issues raised in that motion are better left to the state court to decide.

### IV.   CONCLUSION

Having reviewed the parties' pending motions, the opposition thereto and replies in support thereof, along with any declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Remand (Dkt. #12) is GRANTED and this matter shall be REMANDED to the King County Superior Court.
2. Plaintiff's Request for attorney's fees and costs is DENIED.
3. The Court DECLINES to consider Defendants' Motion to Dismiss (Dkt. #11) and it shall be removed from the Court's motion calendar.
4. This matter is now CLOSED.

DATED this 20th day of July 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE